# Authority of the D.C. Council Under the Home Rule Act to Amend the Schedule of Heights of Buildings

The Council of the District of Columbia has the authority, under section 602(a)(6) of the Home Rule Act of 1973, to amend the Schedule of Heights of Buildings Adjacent to Public Buildings as long as any amendment is within the overall limitations set forth in the Building Height Act of 1910.

The D C. Council's authority is not further restricted by the limitations contained in the Schedule of Heights that was in effect on December 24, 1973.

August 28, 1998

MEMORANDUM OPINION FOR THE DEPUTY ATTORNEY GENERAL

This memorandum responds to your request for our views regarding the authority of the Council of the District of Columbia to amend the Schedule of Heights of Buildings Adjacent to Public Buildings ("Schedule of Heights"). Specifically, we have considered whether, under section 602(a)(6) of the Home Rule Act of 1973, the Council has the authority to amend the Schedule of Heights as long as any amendment is within the overall limitations set forth in the Building Height Act of 1910. We conclude that the Council does have that authority, and that its authority is not further restricted by the limitations contained in the Schedule of Heights that was in effect in 1973.

## I. Background

Section 5 of the Building Height Act of 1910, 36 Stat. 452 (codified as amended at D.C. Code Ann. § 5–405 (1994)) ("Height Act"), contains limitations on the permissible heights of buildings in the District of Columbia. Those limitations depend on the width of the street on which a building will front, and on whether the street is a business or a residential street. In addition, the Height Act provides that the maximum height of buildings on blocks adjacent to public buildings "shall be regulated by a schedule adopted by the Council of the District of Columbia." [1] Since 1910, the Commissioners of the District of Columbia, and

---

[1] Section 5 of the Height Act, as amended, provides in pertinent part:

    (a) No building shall be erected, altered, or raised in the District of Columbia in any manner so as to exceed in height above the sidewalk the width of the street, avenue, or highway in its front, increased by 20 feet; but where a building or proposed building confronts a public space or reservation formed at the intersection of 2 or more streets, avenues, or highways, the course of which is not interrupted by said public space or reservation, the limit of height of the building shall be determined from the width of the widest street, avenue, or highway.

    (b) No buildings shall be erected, altered, or raised in any manner as to exceed the height of 130 feet on a business street or avenue . except on the north side of Pennsylvania Avenue between 1st and 15th Streets Northwest, where an extreme height of 160 feet will be permitted.

Continued

subsequently the Council, have exercised their authority to set such further height limitations under a Schedule of Heights in 15 different areas of the District adjacent to public buildings, including the blocks around the White House, the Supreme Court Building, and the House and Senate Office Buildings.

In 1973 Congress enacted the District of Columbia Self-Government and Governmental Reorganization Act, Pub. L. No. 93–198, 87 Stat. 774 (1973) (the "Home Rule Act"), which gave the Council broad legislative powers over "all rightful subjects of legislation within the District." D.C. Code Ann. § 1–204 (1992). That grant of authority, however, is not absolute. One of the limitations placed on the Council is set forth in section 602(a)(6) of the Home Rule Act:

> (a) The Council shall have no authority to pass any act contrary to the provisions of this Act except as specifically provided in this Act, or to:
>
> . . . .
>
> (6) Enact any act, resolution, or rule which permits the building of any structure within the District of Columbia in excess of the height limitations contained in § 5–405, and in effect on December 24, 1973[.]

D.C. Code Ann. § 1–233(a)(6) (1992).[2]

The question posed here is whether the Home Rule Act's reference to "the height limitations contained in § 5–405, and in effect on December 24, 1973" includes the limitations contained in the Schedule of Heights that was in effect on December 24, 1973. If it includes those limitations, then the Council lacks the authority to amend the Schedule of Heights in a way that would make it less restrictive than it was on December 24, 1973.

---

(c) On a residence street, avenue, or highway no building shall be erected, altered, or raised in any manner so as to be over 90 feet in height at the highest part of the roof or parapet . . . .

(d) The height of a building on a corner lot will be determined by the width of the wider street.

. .

(f) On blocks immediately adjacent to public buildings or to the side of any public building for which plans have been prepared and money appropriated at the time of the application for the permit to construct said building, the maximum height shall be regulated by a schedule adopted by the Council of the District of Columbia.

D.C. Code Ann § 5–405. As originally enacted, the Height Act granted the authority to adopt a schedule of heights to the District of Columbia Board of Commissioners That authority was transferred in 1967 to the newly created District of Columbia Council, *see* Reorganization Plan No. 3 of 1967, § 402, ¶ 120, D.C Code Ann. vol 1, p 126, 137 (1991), and in 1973 to the Council of the District of Columbia, *see* D.C Code Ann § 1–227(a) (1992)

[2] As originally enacted in 1973, section 602(a)(6) of the Home Rule Act was worded as follows:

(a) The Council shall have no authority to pass any act contrary to the provisions of this Act except as specifically provided in this Act, or to—

. . . .

(6) enact any act, resolution, or rule which permits the building of any structure within the District of Columbia in excess of the height limitations contained in *section 5 of the Act of June 1, 1910 (D.C Code, sec 5–405), and in effect on the date of enactment of this Act*[ ]

Pub. L. No 93–198, § 602, 87 Stat 774, 813 (1973) (emphasis added)

Both the Council's General Counsel and the District's Corporation Counsel have concluded that section 602(a)(6) of the Home Rule Act does not refer to the height limitations contained in the Schedule of Heights, but refers only to the height limitations included in the Height Act of 1910 itself, as amended (§ 5–405 of the D.C. Code). Accordingly, in their view, the Council has the power to amend the Schedule of Heights to the extent that any such amendment is consistent with (i.e., no less restrictive than) the overall limitations set forth in the Height Act. *See* Memorandum for Linda W. Cropp, Chairman, Council of the District of Columbia, from Charlotte Brookins-Hudson, General Counsel, Council of the District of Columbia (Nov. 24, 1997); Letter for Linda W. Cropp, Chairman, Council of the District of Columbia, from John M. Ferren, Corporation Counsel, Government of the District of Columbia (Nov. 26, 1997) ("Corporation Counsel Letter").

The National Capital Planning Commission, however, has expressed a contrary view. *See* Letter for Linda W. Cropp, Chairman. Council of the District of Columbia, from Harvey B. Gantt, Chairman, National Capital Planning Commission (Jan. 8, 1998). The Commission's view is based on a 1990 opinion letter from the Environment and Natural Resources Division of the Department of Justice ("ENRD"). *See* Letter for Linda Dodd-Major, General Counsel, National Capital Planning Commission, from Richard B. Stewart, Assistant Attorney General, Environment and Natural Resources Division, Department of Justice (Nov. 6, 1990), *reprinted in* 137 Cong. Rec. 5131 (1991) ("1990 ENRD Letter"). The principal conclusion of the 1990 ENRD Letter is that the Council's authority to amend the Schedule of Heights is subject to the other limitations set forth in the Height Act.[3] However, the letter also contains a paragraph (not necessary to its overall conclusion) discussing section 602(a)(6) of the Home Rule Act and concluding that the height limitations referred to in that section include the limitations in the December 1973 Schedule of Heights. *See id.* at 12 *reprinted in* 137 Cong. Rec. at 5133. Recently, ENRD has reevaluated the view expressed in this paragraph of the 1990 ENRD Letter and has concluded that it was in error. ENRD has consequently revoked the 1990 ENRD Letter. *See* Memorandum for Dawn Johnsen, Acting Assistant Attorney General, Office of Legal Counsel, from Lois J. Schiffer, Assistant Attorney General, Environment and Natural Resources Division (June 30, 1998). For the reasons set forth below, we agree with ENRD's recent conclusion that both the plain meaning and the legislative history of the Home Rule Act support an interpretation under which the Council may amend the Schedule of Heights consistent with the statutory limitations in § 5–405 of the D.C. Code.

---

[3] The Council's General Counsel and the District's Corporation Counsel both agree with this conclusion, as do we.

## II. Discussion

"Interpretation of a statute must begin with the statute's language." *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). We believe that the plain language of section 602(a)(6) of the Home Rule Act supports the District's interpretation.

The statutory language restricts the range of the Council's authority to alter the Schedule of Heights to "the height limitations contained in § 5–405, and in effect on December 24, 1973." The height limitations set forth in the Schedule of Heights as of December 24, 1973, however, were not (and are not) "contained in" § 5–405 (§ 5 of the Height Act). Rather, that section contains certain specific height limitations (§ 5–405(a)-(d)) and also includes a provision that the Council shall further regulate the heights of buildings adjacent to public buildings by adopting a "schedule" (§ 5–405(f)). While § 5–405(f) may be considered an *authorization* to adopt height limitations, it is not itself a height limitation. The terms of the Schedule of Heights, on the other hand, are not contained in § 5–405 of the D.C. Code. Therefore, the statutory phrase "the height limitations contained in § 5–405" does not by its terms encompass the height limitations set forth in the Schedule of Heights.

The analysis is not altered when one considers the additional statutory language "and in effect on December 24, 1973." Because the pertinent phrases are joined by the conjunction "and," the "height limitations" identified by section 602(a)(6) of the Home Rule Act must be *both* "contained in § 5–405" *and* "in effect on December 24, 1973." The statute would be broader if it were phrased in the disjunctive, but it is not. Thus, under the natural reading of the language, that a height limitation is "in effect on December 24, 1973" does not bring it within the statute unless it is also "contained in § 5–405."

The 1990 ENRD Letter failed to recognize the significance of this language in its brief discussion of section 602(a)(6) of the Home Rule Act. It stated:

> Section 602(a)(6) prohibits the Council from enacting *any* act which permits the building of *any* structure that exceeds (1) the section 5–405 height limitations, or (2) the height limitations in effect on December 24, 1973—which include the Schedule of Heights as it existed at the time the Home Rule Act was enacted. In other words, under section 602(a)(2) [sic] of the Home Rule Act, the Council's authority under section 5–405(f) of the Height Act is limited to amending the Schedule of Heights to set height limits that are (1) lower than the applicable Height Act limits (for locations not included on the pre-Home Rule Schedule of Heights), or (2) lower than the pre-Home Rule Schedule of Heights limitations (for locations that are included in the pre-Home Rule Schedule). The

> Council is barred by section 602(a)(6) of the Home Rule Act from
> exceeding either of those limitations.

1990 ENRD Letter, at 12 *reprinted in* 137 Cong. Rec. at 5133. (footnote omitted). This discussion, however, does not follow the language of section 602(a)(6). In fact, its significant rephrasing of the statutory language—and in particular its substitution of disjunctive language—highlights the lack of support for this interpretation in the actual language of the statute. *See* Corporation Counsel Letter at 5. The natural reading of section 602(a)(6)'s language covers only those height limitations that are both "contained in § 5–405" and "in effect on December 24, 1973."

We have considered whether this reading of the statute renders superfluous the phrase "and in effect on December 24, 1973." *See* 2A Norman J. Singer, *Sutherland Statutory Construction* § 46.06, at 119 (5th ed. 1992) (statute should be construed to give meaning and effect to each term). It would seem that Congress could have achieved the same result· by referring to "the height limitations contained in § 5–405" *without* the additional "and in effect" phrase. As enacted in 1973, however, the Home Rule Act referred to "the height limitations contained in *section 5 of the Act of June 1, 1910* (D.C. Code, sec. 5–405)." *See supra* note 2. The Height Act was amended several times after 1910.[4] Thus, the additional phrase in the Home Rule Act—which originally was "and in effect on the date of enactment of this Act"—makes clear that the Council is bound not only by the limitations of the Height Act of 1910 itself, but also by all amendments to the Act that were in effect when the Home Rule Act was enacted. The phrase is therefore not superfluous.

The plain language of section 602(a)(6), in our view, does not cover the height limitations set forth in the Schedule of Heights. Even if the language were ambiguous, however, the legislative history would not warrant a contrary conclusion.

The House report on the Home Rule bill describes section 602(a)(6) as precluding the Council from "permitting the construction of buildings in excess of the present height limitations *set by Congress.*"[5] Rep. Fauntroy similarly referred to "the height limitations *imposed by the Congress.*"[6] Because the height limitations in the Schedule of Heights are set by the Council rather than Congress, these references support the view that section 602(a)(6) addresses only the limitations set forth in the Height Act.

---

[4] *See, e g.* Act of June 7, 1924, ch 340, 43 Stat 647. Act of Feb 21, 1925, ch 289, 43 Stat. 961, Act of May 16, 1926, ch 150, 44 Stat 298. Act of April 29, 1930, ch 220, 46 Stat 258, Act of March 24, 1945, ch 37, 59 Stat 38, Act of Sept. 22, 1961, Pub L. No. 87–281, § 1, 75 Stat. 583

[5] H R. Rep No 93–482, at 15 (1973) (emphasis added), *see also id* at 37 (section-by-section analysis recites language of section 602(a)(6) without the final "and in effect on . " phrase)

[6] House Committee on the District of Columbia, 93d Cong., 2d Sess , Home Rule for the District of Columbia 1973–1974, Background and Legislative History 1125 (Comm Print 1974) (proceedings dated July 25, 1973) (emphasis added) ("Home Rule Act Legislative History")

The conference report describes section 602(a)(6) as providing that ''the Council could not change building height limitations.'' [7] Similarly, Rep. Diggs, the chair of the House Committee on the District of Columbia, stated that the Council is ''prohibited from modifying the building height limitations now in effect,'' [8] and from ''increasing height limitations on buildings.'' [9] Such references are ambiguous. While they could arguably suggest a broader reading of section 602(a)(6) as including the Schedule of Heights limitations, they could also reasonably be construed as shorthand references to the limitations contained in the Height Act itself.

The strongest arguable basis in the legislative history for a contrary view appears to consist of two statements by Jacques DePuy, Counsel to the House Subcommittee on Government Operations of the Committee on the District of Columbia, during markup of the bill. Before the provision was drafted, he suggested that the Members might want to add ''in the specific limitations of the Council an amendment *combining the existing height limitations.*'' [10] And when presenting the provision, he stated:

> What we drafted was an amendment which would go to the limitations on the Council that the Council could not enact an act that permitted building above *existing height limitations,* and *freezing in what now is existing law,* and would prohibit the Council from allowing any building above that limitation. [11]

These statements could be read to support the view that Mr. DePuy contemplated a provision precluding the Council from broadening the height limitations in the Height Act as well as those in the Schedule of Heights in effect in 1973. Even these statements, however, are far from clear in their meaning. The reference to ''freezing in what now is existing law,'' for example, could simply indicate that the Council would not have unrestricted authority to amend § 5–405, as it would with respect to many other provisions of the D.C. Code. Moreover, neither the congressional reports nor comments by Members of Congress reflect any intent on *their* part to include the separate Schedule of Heights restrictions in the scope of section 602(a)(6).

In sum, the legislative history does not reveal any clear or generally accepted intent on Congress's part to preclude the Council from making the Schedule of Heights less restrictive than it was at the time the Home Rule Act was adopted. Thus, even when the legislative history is consulted, it fails to overcome the nat-

---

[7] H R. Conf Rep No. 93–703, at 75 (1973).

[8] Home Rule Act Legislative History at 1358 (July 31, 1973)

[9] *Id.* at 3051 (Dec. 17, 1973)

[10] *Id* at 215 (May 17, 1973) (emphasis added).

[11] *Id* at 302 (May 21, 1973) (emphasis added).

ural reading of the statute as covering only those height limitations contained in the Height Act, as amended.

## III. Conclusion

For the foregoing reasons, we conclude that the Council has the authority, under section 602(a)(6) of the Home Rule Act, to amend the Schedule of Heights as long as any amendment is within the overall limitations set forth in the Height Act of 1910, as amended (D.C. Code Ann. § 5–405), and that that authority is not further restricted by the limitations contained in the Schedule of Heights that was in effect on December 24, 1973.

BETH NOLAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*